UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80056-CR-ALTMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YUJING ZHANG,

    Defendant.

_____

## ORDER

The Court, having carefully considered the Government's Third Classified *Ex Parte, In Camera* Motion and Memorandum of Law for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and the Declaration filed therewith, GRANTS the Government's Motion for a Protective Order in its entirety.

The Court finds that the Government's Motion was properly filed *ex parte, in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte, in camera* review of the Government's classified Motion, and the classified declaration of an official of the Federal Bureau of Investigation (FBI).

On the basis of the Court's review of the arguments set forth in the Government's Motion and Memorandum of Law and the classified declaration, the Court finds that the classified

1

information referenced in the Government's Motion and Memorandum of Law implicates the Government's classified information privilege because the information is properly classified and its disclosure could cause serious damage to the national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the government must disclose in discovery classified information where, as here, the government has properly invoked the classified information privilege. *See also United States v. Sarkissian*, 841 F.2d 959 (9th Cir. 1988). To this end, the Court finds that in applying the *Roviaro/Yunis* standard, none of the classified information referenced in the Government's Motion is relevant and helpful to the defense. The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

Accordingly, IT IS ORDERED that the Government is authorized to withhold from the Defendant the specified information outlined in the Motion.

So ORDERED this 10th day of Sept. 2019, in Ft. Lauderdale, Florida.

ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE