UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80056-CR-ALTMAN

UNITED STATES OF AMERICA,

v.

YUJING ZHANG,

    Defendant.
_____/

## UNITED STATES' OBJECTIONS
## TO THE PRESENTENCE REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this objection to the Presentence Investigation Report (PSR). The government agrees that the PSR correctly determined that the offenses of conviction should be grouped. However, the government's position is that the counts of conviction should be grouped under USSG § 3D1.2(c), instead of USSG § 3D1.2(b).

**Offense Level Computation**

The PSR grouped Count One (18 USC § 1752(a)(1)) and Count Two (18 USC § 1001(a)(2)) for guideline calculation purposes under USSG § 3D1.2(b) based on the position that they involved the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. Counts One and Two each produced the same offense level. Thus, USSG § 2B1.1 was used. PSR ¶ 34

The government's position is that the counts should be grouped under USSG § 3D1.2(c), which provides as follows:

> (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline application to another of the counts.

Because the obstructive 1001 conviction embodies conduct that is treated as an "other adjustment to" the guideline calculation, namely, the two-level obstructive adjustment (PSR ¶ 39), the counts should be grouped under USSG § 3D1.2(c).

The last paragraph of Application Note 5 USSG § 3D1.2 is instructive. If a bribe was given **for the purpose of hampering a criminal investigation** into a fraud – as opposed to a bribe to **facilitate** the fraud – it would constitute obstruction and under §3C1.1 would result in a 2-level enhancement to the offense level for the fraud. Similarly, Zhang's offense level computation should be adjusted upward 2-levels under §3C1.1 for her obstructive conduct related to her offenses of conviction. PSR ¶ 39.

Application Note 8 USSG § 3C1.1 also indicates that Zhang's convictions should be grouped under USSG § 3D1.2(c). The commentary provides, "If the defendant is convicted both of an obstruction offense . . . and an underlying offense. . ., the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2. . . ." The commentary further instructs that "[t]he offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater."

Although this change does not alter the calculation of the guideline range, it clarifies that the obstruction enhancement is applicable—not only because Zhang provided materially false statements to Judge Matthewman about her finances—but also because one of her grouped counts of conviction involved obstructive conduct of making false statements to federal officers in violation of 18 U.S.C. § 1001.

## CONCLUSION

For the foregoing reasons, the government's objection to the Presentence Investigation Report should be sustained.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /s/*Rolando Garcia*
ROLANDO GARCIA
Assistant United States Attorney
Florida Bar No. 0763012
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561 820-8711/Fax 561 820-8777
rolando.garcia@usdoj.gov

## Certificate of Service

**I HEREBY CERTIFY** that on October 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and mailed a copy to the defendant.

*/s/ Rolando Garcia*
Rolando Garcia
Assistant United States Attorney