UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80056-CR-ALTMAN

UNITED STATES OF AMERICA,

v.

YUJING ZHANG,

    Defendant.
_____/

## UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR AN UPWARD VARIANCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Sentencing Memorandum in support of an upward variance. Based on the reasons set forth below, the government respectfully requests that the Court vary upward 12 months.

The government agrees that the guideline range for the offenses of conviction are 0 to 6 months' imprisonment. The government respectfully requests that the Court vary upward to 18 months' imprisonment given (1) the guidelines do not punish the defendant for lying to United States Magistrate William Matthewman about material facts related to her finances, (2) the nature and circumstances of the offenses, (3) the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, and (4) the need to afford adequate deterrence to similar criminal conduct.

A court should sentence above the applicable guideline range where it finds aggravating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing

Commission in formulating the guidelines that . . . should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1).

As reflected in the Presentence Investigation Report ("PSR"), United States Magistrate Judge William Matthewman inquired extensively regarding Zhang's financial assets. Zhang, who was under oath, claimed to only have around $5,000 in her Wells Fargo account. PSR ¶¶ 23-24. She neglected to tell the Court that in September 2018 she transferred $18,000 from her Wells Fargo account to a United States based brokerage account. Another $20,185 was wire transferred into that Interactive Brokerage account from a Chinese bank in 2017. PSR ¶ 27. The balance of Zhang's account at Interactive Brokers was approximately $40,000. PSR ¶ 29. Zhang also neglected to tell the Court that she had nearly $8,000 in cash at her hotel room. PSR ¶ 18.

Without an upward variance, Zhang's obstructive conduct in lying to the Magistrate Judge essentially goes unpunished. Because Zhang's offense level computation was adjusted upward 2-levels under §3C1.1 for her obstructive conduct related to her offenses of conviction, her false statements to the magistrate judge had no effect on her guideline imprisonment range because both offense level 6 and offense level 8 yield a guideline imprisonment range of 0-6 months under the Sentencing Table of the sentencing guidelines.

In addition, the totality of the circumstances indicate the nature and circumstances of the offense require a sentence more severe than the advisory guideline range. Not only did Zhang lie to the Court but she also lied to practically everyone she encountered in the United States. On March 29, 2019, Zhang told the Colony Hotel valet and limo driver Willy Isidore that she wanted to go to Café Sapori, when in reality she wanted to "scope out" and take photos of Mar-a-Lago

because she intended to lie her way onto the property the next day. Isidore did not go through the main checkpoint because Zhang did not have an invitation and drove her back to her hotel. Zhang also falsely told Isidore that her name was Veronica.

On March 30, 2019, she told the Secret Service Agent at the primary checkpoint at Mar-a-Lago that she was there to go to the pool and led Mar-a-Lago security to believe she was related to the member named Zhang. During her golf cart shuttle to the main reception area, she took photos of the property on her cellphone.

She later told the receptionist at Mar-a-Lago that she was there for a United Nations Chinese American Association event later in the evening. Then she told Secret Service that she was there for a United Nations Friendship Event. She showed Secret Service a purported invitation to the nonexistent event. Zhang portrayed herself as a tourist who was at Mar-a-Lago for a function. She claimed that she was there in order to take photos and familiarize herself with the property. When asked about the Mar-a-Lago member named Zhang, she stated that the name was given at the main checkpoint and she knows who that person is but not that well.

She subsequently told Secret Service that her Chinese friend "Charles" told her to travel from Shanghai, China to Palm Beach, Florida, to attend the United Nations Friendship event and attempt to speak with a member of the President's family about Chinese and American foreign economic relations.

Zhang also stated that she did not tell agents at the main checkpoint that she was going to the pool, and when the security guard told her the name of Zhang, she just thought it was the person running the event.

In Zhang's purse Secret Service found numerous electronic devices, including her

cellphone with the WeChat communications and another cellphone, her iPhone 5, in a Faraday bag.[1] Zhang told Secret Service that she had so many electronic devices in her purse because she was afraid to leave them at the hotel because they could be stolen. That was obviously a lie because she had multiple electronic devices at her hotel room, including a cell phone, numerous USB devices and a signal detector. PSR ¶ 18. Zhang also had nearly $8,000 in cash and multiple credit cards at her hotel room. An identification card with the name Veronica was also found in the hotel room.

Zhang clearly knew that the supposed event did not exist based on the WeChat conversation retrieved from her cellphone. Despite knowing that, she purchased a one-way ticket from Shanghai, China to Palm Beach in order to sneak on Mar-a-Lago while the President and family members were in Palm Beach.

In a somewhat similar case in the Southern District of Florida, the Court varied upward from a guideline range of 0-6 to 12 months' imprisonment based on the 18 U.S.C. § 3553 factors. *United States v. Zhao Qianli*, 18-10035-cr-Moore. Qianli entered the U.S. Military Installation, Joint Interagency Task Force South, Naval Air Station Key West property, without permission, by circumnavigating the installation's primary fence line. Qianli then took multiple photographs and video footage of a separately secured satellite dish and antenna farm. Both Qianli and Zhang entered a restricted area with knowledge of the character of the place. Both Qianli and Zhang were aware of the warning signage. Both cases involved the taking of photographs throughout the facility, lying to officials prior and post arrest.

---

1 A bag that blocks electromagnetic signals used to hold devices such as cell phones in order to prevent outside signals from interfering with the contents of the device.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests this Court vary upward from the guidelines in this case in order to fully account for her perjurious conduct before the Court, the scope and seriousness of the defendant's conduct, taking into consideration the nature and circumstances of the offense, promoting respect for the law, providing just punishment for the defendant's conduct, and affording adequate deterrence to similar conduct.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/*Rolando Garcia*
ROLANDO GARCIA
Assistant United States Attorney
Florida Bar No. 0763012
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561 820-8711/Fax 561 820-8777
rolando.garcia@usdoj.gov

**Certificate of Service**

**I HEREBY CERTIFY** that on November 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and mailed a copy to the defendant.

*/s/ Rolando Garcia*
Rolando Garcia
Assistant United States Attorney